**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-6065**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

GALACIO CISNEROS-ALCANTAR,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.   (5:05-cr-00132-H-1; 5:07-cv-00027-H)

───────────

Submitted:  April 25, 2013            Decided:  April 30, 2013

───────────

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Galacio Cisneros-Alcantar, Appellant Pro Se.   Ethan A. Ontjes, Stephen Aubrey West, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Galacio Cisneros-Alcantar seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on February 23, 2009. The notice of appeal was filed on December 23, 2012.* Because Cisneros-Alcantar failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>